FILED
2012 JAN 30 AM 10: 09
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

1 ETTA COLLIER
2 P. O. BOX 11451
3 CARSON, CA 90749
4 TELE: & FAX: (310) 516-1476    E-mail address: ettacollier@sbcglobal.net
5 PLAINTIFF PRO SE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| ETTA COLLIER, | CASE NO. CV-06-2569 MMM (MANx) |
|---|---|
| PLAINTIFF, | PLAINTIFF'S REPLY; |
| V. | DATE: FEBRUARY 13, 2012.. |
| | TIME: 10:00 A.M. |
| THE STATE OF NEW YORK | COURTROOM: "780" |
| ET. AL., | |
| DEFENDANTS. | |

TO    DEFENDANT SEARS ROEBUCK AND CO.

Etta Collier plaintiff pro se hereby presents her REPLY as follows:

A.    Summary of Argument

Plaintiff purchased two new major appliances and the Master Protection Agreement (MPA) on both appliances from Sears. Plaintiff paid the entire purchase in full. Both appliances malfunctioned. A major retailer with a mustard seed of honesty and integrity would not subject a consumer to fifteen attempts to

repair appliances so vital to ones' livelihood. A prudent person can and will infer that any attempt to repair major appliances after three unsuccessful attempts is unreasonable, and that the repair technicians lacked adequate training in their respective trade.

Article III[1] Section 2 to U. S. Constitution provides for an independent national judiciary. The appearance of impartiality may be inferred where the departure from the directives of the General Orders is due to an extrajudicial source. 42 USC Section 405g is under the exclusive jurisdiction of federal law that preempts[2] CA Code of Civil Procedure (CCP) Section 391.7

I. MEMORANDUM OF POINTS AND AUTHORITIES
II. ARGUMENT
A. PUBLIC POLICY PROVIDES FOR AN INDEPENDENT FEDERAL JUDICIARY; JUSTICE MUST BE IMPARTIAL WHETHER COLLIER HAS HAD SEVEN BITES OF THE APPLE
1. The Public Interests Is Served By The Adherence To The General Orders

The seven steps in the Federal Rulemaking Process is scrutinized throughout the process, up to Supreme Court Approval and Congressional Review before the rules take effect. The General Orders are directives for an orderly and impartial administration of justice.

Canon 4 of the Code of Conduct for United States Judges applies to all extrajudicial activities;, "[A} judge may engage in extrajudicial activities that are consistent with the obligation of judicial office' In assessing an extrajudicial activity it is often useful to determine whether the activity is related to the law or not. Guide To Judicial Policy, Vol. 2B, Ch. 2 at pages 93-1. (Committee on Codes of Conduct Advisory Opinion No. 93).

A permissible activity is one that serves the interest generally or those who use the legal system, rather than the interest of any specific constituency, or

2.

---

1. Article III Section 2 to U. S. Constitution provides in relevant part, "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution . . "
2. Article VI to U. S. Constitution, Clause 2, provides in relevant part, "This Constitution, and the Laws of the United States ... shall be the supreme Law of the Land, And the Judges in every State shall be bound thereby, any Thing in the Constitution of Laws of any State to the contrary notwithstanding".

enhances the prestige, efficiency or function of the legal system itself. The clearest examples of permissible activities are those addressing the legal process.

The Code of Conduct for United States Judges, Canon 4 imposes the general caveat that 'a judge should not participate in extrajudicial activities that detract from the dignity of the judge's office, interfere with the performance of the judge's official duties, reflect adversely on the judge's impartiality …"

2.   General Orders And Rules Of Procedure Cannot Be Selectively Applied

The determinations to be made here are whether it is the "Official Duty" of a recused judge to select and reassign a case to a judicial colleague and whether the recused judge exploits the judicial position or use the prestige of the judge's office to advance the private interests of the judge or others.

3.   One Can Only Speculate Whether Collier Would Be Bringing A Motion For Relief From Judgment If The Case Had Been Randomly Reassigned

Collier apologized to the Court for the previous motions for reconsideration for relief from judgment. Collier would never in baith faith disregard an admonishment of this Honorable Court. Collier has only one interest in filing her final motion for relief. That is to find out whether justice is for all American Citizens or whether justice is reserved only for those with social influences and connections.

Justice must be guided by and tempered with the principles of fairness to all litigants, regardless of their social or economic status. When the wheels of justice allow a judge to perform the official duties of the clerk of the court by selection and reassignment of a case after recusal justice cannot be facilitated. The public, advisory committees, the Justices of the U. S. Supreme Court and Congressional review take specific caution to prescribe the fair play of federal rules and procedures to maintain an independent judiciary. When judges attempt to circumvent General Orders not only is public trust in the judicial process

3.

1  eroded, but also the integrity of the judges are questionable. In particularly where
2  the initial judge after rendering an opinion in the case became mindful of
3  a social relationship with Sears and Ordered a Self-Recusal. Subsequently,
4  the judge did not remember to return the case to the Clerk of the Court for
5  random reassignment. Rather the judge selected and reassigned the case to
6  a judicial colleague.
7      Moreover, many of the licensed attorneys as officers of the Court, that
8  Collier encountered lack the morals and scruples to be forthcoming with the facts
9  and laws of a case. The drafters of the arbitration clause in the MPA and the
10 attorneys of record herein knew that 9 USC Sections 1 et. Seq provides no
11 independent federal jurisdiction for review of an arbitral award. In other words the
12 arbitration clause was void ab initio.
13     Instead the attorneys utilized their license as a weapon of mass
14 destruction. Collier in pursuant of justice sought review of the arbitral award
15 through the only process permitted by Court rules and procedure, complaint
16 process. However, the procedural process designated by the arbitration clause of
17 the MPA provides for review of an arbitral award pursuant to 9 USC Sections
18 1 et. Seq. Also Refer to 9 USC Sections 16 et. Seq.
19     The attorneys remained silent regarding the true facts and laws of the case
20 throughout litigation in this Honorable Court, the Ninth Circuit and the U. S.
21 Supreme Court. The attorneys were not concerned with the waste of judicial and
22 court personnel labor, the overloaded docket of cases, neither the depletion of
23 court resources during their vigorous defense of this case for nearly six years
24 where the underlying legal issue concerned the service and repair of a refrigerator
25 and a stove. The attorneys were mindful of the function or "Official duties" of the
26 judges to focus and expand their legal expertise on resolution of their
27 caseloads. The attorneys were also aware that a judge may contribute their legal
28                                             4.

## PROOF OF SERVICE BY MAIL

I BONITA D. HILL is a resident of the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within entitled cause.

On January 30, 2012 I served the attached: PLAINTIFF'S REPLY
----------------------------------------------------------------
----------------------------------------------------------------
----------------------------------------------------------------
---------- on persons or entities named herein below by placing a true and accurate copy thereof enclosed in a sealed envelope with first-class postage thereon fully prepaid in the United States mail addressed as follows:
Date of mailing: January 30, 2012.      Place of mailing: Los Angeles, CA
Person(s) and/or Entity(ies) to whom mailed:

GRANT D. WATERKOTTE, ESQ., (SBN 215007)
ROBERT A. ORTIZ ESQ., (SBN 246849)
PETTIT KOHN INGRASSIA & LUTZ PC
9841 AIRPORT BLVD. SUITE 1108
LOS ANGELES, CA 90045

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and executed on this __30TH__ day of January 2012 at Los Angeles, California.

*Bonita D. Hill*
BONITA D. HILL

7.